IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEMOR S. SHARIFI,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | )<br>)<br>) No. 16-1090 L<br>)<br>) Judge Victor J. Wolski<br>)<br>) *Electronically filed on October 24, 2016*<br>)<br>)<br>)<br>) |

**Motion for a More Definite Statement**

  Pursuant to RCFC 12(e) and RCFC 9(i), defendant United States of America hereby moves for a more definite statement from plaintiff Temor S. Sharifi with respect to the basis for plaintiff's Fifth Amendment takings claim.  Under RCFC 12(e), a defendant may move for a more definite statement when a complaint "is so vague or ambiguous that [the defendant] cannot reasonably prepare a response."  If the Court orders a more definite statement and plaintiff fails to comply within 14 days, the Court "may strike the pleading or issue any other appropriate order."  RCFC 12(e).

  For a complaint to state a valid claim under the rules, a plaintiff must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  RCFC 8(a).  For a Fifth Amendment takings claim, this means that a plaintiff must identify the specific property interest allegedly taken by the United States.  *See* RCFC 9(i) (plaintiff must "identify the specific property interest alleged to have been taken by the United States.").  Failure to meet these requirements is grounds for dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (holding that plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.").  Instead of immediately moving to dismiss,

however, the United States now moves that the Court require plaintiff to file a more definite statement under RCFC 12(e).

Plaintiff's complaint is vague and ambiguous because it does not specifically identify the property interest allegedly taken by the United States as required by RCFC 9(i). First, the complaint alleges that plaintiff's grandfather obtained a 38-*jerib*[1] parcel of land long ago and subsequently conveyed that land to plaintiff's father at some undisclosed time. Compl. ¶¶ 4-5. Plaintiff does not include a legal description of the property, a deed, or other document that would allow the United States to identify this 38-*jerib* parcel of land. The plaintiff only states that the 38-*jerib* parcel of land is located in Deh-Kowchay, Arghandab District, Kandahar Afghanistan. *Id.* ¶ 4. This is not sufficient for the United States to determine if the land allegedly owned by plaintiff's father is located in the same location as Combat Outpost Millet ("COP Millet").

Second, the complaint does not specify which portion of the 38-*jerib* parcel is legally owned by plaintiff. Based on the United States' preliminary research, COP Millet is/was less than six *jeribs* in size (i.e. less than 3 acres) and would not have encompassed the entire 38-*jerib* parcel of land even if COP Millet were located in the same location as the 38-*jerib* parcel. Plaintiff claims that after his father passed away, the 38-*jerib* parcel of land was subdivided among eight separate heirs: Haji Abdul Latif, Abdul Razaq, Ahmad Shah, Raa Gul, Ziwar Gul, Temor Shah Sharifi (the plaintiff), Bibi Masuma, and Bibi Jamila. *Id.* ¶ 5. Even though the various heirs allegedly own different portions of the 38-*jerib* parcel, plaintiff does not include a legal description of the property he owns,[2] official documentation describing the portion of the

---

[1] An Afghan *jerib* is the equivalent of 2000 square meters or 0.4942 acres. *See* http://self.gutenberg.org/articles/jerib (last visited Oct. 13, 2016). This means that a 38-*jerib* parcel of land is approximately 18.8 acres.

[2] Inheritance is not automatic under Afghanistan law. All of a decedent's heirs must appear before an Afghanistan court to prepare a certificate of heirs (*Hasr-e-Warasat*) to prove inheritance of property due to the passing away of a prior owner. *See generally*

property conveyed to plaintiff, or even a sufficient description of where plaintiff's portion of the 38-*jerib* parcel is located.  Plaintiff's failure to specifically identify the property interest he owns violates RCFC 9(i) and makes it so that the United States cannot reasonably prepare a response.

Accordingly, the United States requests that this Court direct the plaintiff to file a more definite statement of its claim in which the plaintiff specifically identifies (1) the land the plaintiff legally owns and (2) where that land is specifically located.  This will allow the United States to conduct preliminary research for its answer or motion to dismiss.  If the Court does not grant this motion, the United States requests an additional 30 days to answer the complaint from the date the Court rules on this motion.

Dated:   October 24, 2016

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

By  */s/ Edward C. Thomas*
EDWARD C. THOMAS
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0239
(202) 305-0506 (facsimile)
edward.c.thomas@usdoj.gov

*Counsel for United States*

*Of Counsel:*

Major Madeline F. Gorini
Litigation Attorney
United States Army Legal Services Agency
Litigation Division, General Litigation Branch

---

http://www.afghanconsulategeneral.org/consular/inheritance.html.  Plaintiff has not provided a *Hasr-e-Warasat* to specify his ownership interest.