# Def.'s Ex. 6

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEMOR S. SHARIFI, ) | |
| ) | |
| ) | No. 16-1090 L |
| Plaintiff, ) | |
| ) | Judge Victor J. Wolski |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant ) | |
| ) | |

## **DECLARATION OF SAEEQ SHAJJAN**

I, Saeeq Shajjan, make the following declaration:

1. I am over the age of 18 and legally competent and capable of making this Declaration. I have personal knowledge of the facts contained in this Declaration.

2. I graduated with a law degree from Kabul University in 2003 and earned an LLM degree from Harvard Law School in 2010. I am licensed to practice law in Afghanistan from the Afghanistan Independent Bar Association (License No. 153). With that license I can appear before all Afghanistan courts.

3. I am the founding and managing partner of an Afghanistan law firm named Shajjan & Associates, Attorneys and Counselors at Law, P.A, located in Kabul, Afghanistan. I focus my practice on corporate services, contract law, criminal law, banking law, tax law, labor law, property law, citizenship law, traffic law, constitutional law, Islamic law and human rights. In 2016 I was appointed as an arbitrator by the Afghanistan Center for Commercial Dispute Resolution of the Afghanistan Chamber of Commerce and Industries. I am also a part-time teacher in Afghanistan law schools.

4. I have also worked with the Government of Afghanistan as Senior Advisor on Policies and Legislation with the Independent Administrative Reform and Civil Services Commission (IARCSC).

5. A substantial portion of my practice involves representation of international contractors, international organizations and diplomatic missions in Afghanistan. I have been recognized as an expert and have provided expert testimony on issues of Afghan law before Courts in the United States and United Kingdom.

6. At the request of counsel for the United States in the above-captioned matter, I reviewed the documents attached to Plaintiff's Amended Complaint, ECF No. 10, and provide the following points and opinions regarding those documents under Afghanistan law:

a.  First, the documents attached as Plaintiff's Exhibits A, B, and C are all invalid and would not carry any weight under Afghan law.

b.  Article 132 of the Constitution of Afghanistan 2004 provides that, "No law shall, under any circumstance, exclude any case or area from the jurisdiction of the judicial organ and submit it to another authority."  This means in Afghanistan, only the proper judicial authority can render judgments.

c.  Article 4 of the Law on Obtaining Rights provides that "According to the provisions of this law, all administrations except for courts are duty bound to refer received petitions on civil rights to relevant office of Hoqooq (rights)."  This means that any governmental body, except for courts, must refer civil rights petitions to the relevant office of Hoqooq and cannot decide a civil petition themselves.  In Afghanistan, property law issues regarding ownership and inheritance are civil claims.

d.  The office of Hoqooq operates under the Ministry of Justice of Afghanistan. The current Department of Hoqooq was initially established within the Ministry of Justice in the year 1300 Hijri or 1921.  Generally, the Hoqooq department tries to mediate a dispute between parties, like a property or inheritance dispute, but if it fails to do so, it will then refer the claim to the appropriate court.  After resolution of the civil issue, the courts send the claim back to the Hoqooq department to execute an appropriate decision.  The Hoqooq department also helps restore properties to legitimate land owners after reviewing documents proving entitlement.  This also includes helping prevent trespassers from unlawfully inhabiting property again. The Hoqooq department also deals with similar commercial matters as well as family related disputes.

e.  Article 12 of the Civil Procedure Code 1990 provides that, "A legal request is directly presented to the courts or through legal bureaus to the courts whereupon proceedings are held regarding them."

f.  According to the laws cited above, provincial and district governors are not authorized by the laws of Afghanistan to look into civil claims or issue instruction for that purpose.  Any such decision will not carry any weight before judicial institutions.

g.  The documents in Plaintiff's Exhibit A are letters to the provincial and district governors.  These letters should not have been entertained at all and instead the applicant should have been advised to either go to the local courts or the Hoqooq department.  The only weight these documents might carry is that the petitioner's Afghanistan property law claim might not be barred by the statute of limitations.

h.  The documents in Exhibit B appear to represent an inheritance agreement between siblings.  This agreement is an informal agreement between the community of heirs and does not carry any weight under Afghan law unless it is accompanied by a legal document that proves the ownership of the property.  Only an official title deed issued by a local court or another document such as a tax payment receipt issued by the government of Afghanistan can prove ownership to a property.  Article 9 of the Law

on Obtaining Rights provides that "the applicant must attach (copy or original) deed or legal document to his/her application to Hoqooq Office, otherwise Hoqooq Office is not entitled to approve any right to the applicant."  Also, prior to entering any inheritance agreement, the siblings would have needed to have a certificate of inheritance issued by a local court, a *Hasr-e-Werasat*, to establish them as legal heirs of Mr. Addul Ghafoor.  Inheritance is not automatic under Afghan law.

i.  Plaintiff's Exhibit B does not comply with these requirements and would also not be certified by the court as it failed to include specific details regarding the specific location and surrounding neighbors of the land.  Additionally, the district governor is not authorized to certify any inheritance agreement.  Agreements signed between family members need to be taken to the court for the court to certify any such agreement.  The court will only certify such an agreement if it is satisfied that the parties are the real owners of the property.  Often, courts conduct their own inquiry and will ask the parties to provide a title deed that establishes the ownership.

j.  Plaintiff's Exhibit C is an unofficial map that does not carry any weight under the laws of Afghanistan.  Such documents cannot be verified by district or provincial governors as already explained.  Also, the stamp on page 24 of ECF No 10 belongs to a language academy.  Language academies are not allowed to translate documents for Afghanistan courts and, as such, would be invalid without a further stamp from a licensed translator.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of April 2017.

_____

Saeeq Shajjan